## Columbia Alliance Loan Society v. Schweidel

*Samuel G. Parker*, for plaintiff; *Sol. Spiegel*, for defendant.

ALESSANDRONI, J., July 25, 1933.—Complainant filed its bill in equity against the defendants, alleging that on June 17, 1929, the Columbia Alliance Loan Society obtained a judgment and assessed damages against John L. Schuch for $568.41, with interest from that date, in Court of Common Pleas No. 3, as of June Term, 1929, No. 3722; that a levy had been made under the judgment, but in consideration of the abandonment of the levy, John L. Schuch assigned to complainant all his right, title, interest, property, claim, and demand in a certain action which he had brought through his attorney, Isadore H. Schweidel, against Mitten Men & Management Bank & Trust Company, and which was then pending, the proceeds of such suit to be applied "in reduction or satisfaction of the judgment against him [Schuch] in Court of Common Pleas No. 3, June Term, 1929, No. 3722"; that notice of this assignment was sent on June 23, 1931, to Mitten Men & Management Bank & Trust Company, against whom Schuch's action was then pending, and on May 8, 1931, Schweidel, the other defendant herein, was notified in writing of the assignment. Notwithstanding the assignment, both defendants herein compromised and settled the claim which Schuch had against the bank, and that case was marked "settled, discontinued and ended of record."

The prayers of the bill are that the defendants be decreed to be trustees, as to the sum of $500, for the sole and beneficial use of the complainant, that this court decree that the order of discontinuance be stricken from the record, and for general relief.

Preliminary objections have been filed by the defendant Schweidel, setting forth that the plaintiff has failed to set out a sufficient cause of action against him and that complainant has a full, complete, and adequate remedy at law.

The other defendant, Mitten Men & Management Bank & Trust Company, filed an answer on the merits.

It appears from the pleadings that the action which Schuch had brought against Mitten Men & Management Bank & Trust Company was for the sum of $1,411.16; therefore it would seem that the assignment in question was not a total assignment, but can reasonably only be construed to be an assignment of so much of the amount that would be recovered as would satisfy the judgment of complainant, and that the balance would belong to Schuch.

The attorney for Schweidel has stated that the questions involved are: (1) Will a court of common pleas of Philadelphia County vacate an order entered by another court of common pleas of said county? Answering that question, we say that it will not, and, were there nothing further to be considered in this case, the preliminary objections to the bill would have to be sustained.

(2) Can a plaintiff request the court to order, adjudge, and decree that a party be deemed a trustee for a particular sum, where there is no allegation in the pleadings that the said party has received any such sum? While it is true the bill does not set forth the exact amount of the settlement between the bank and John L. Schuch, the complainant does state that the defendants "on or about March 4, 1932, and without the knowledge or consent of the plaintiff herein, and in total disregard of their rights under the said assignment, compromised and settled the said claim which the said John L. Schuch had against the said Mitten Men & Management Bank & Trust Company."

Inasmuch as it is not necessary to plead all the evidence in any case, we believe there is sufficient in the bill setting forth that there was a sum paid in settlement; and if the complainant adduce evidence as to what that sum was it will be sufficient to overcome this objection.

The third question is: Can an attorney at law be held personally liable for payment by him to his client of moneys received by him after receipt of notice of an assignment of the said proceeds by his client to a third party? Our attention has been called to the case of Boulden v. Hebel, 17 S. & R. 312, in which it was held (syllabus): "The plaintiff's attorney having in his hands a sum recovered by suit on a bond, the plaintiff and H., by writing under seal, certified, that they had settled all matters in variance respecting the bond left in the hands of the attorney for collection, and had agreed to divide the sum equally: the plaintiff's attorney, notwithstanding this agreement, is not bound to pay half the money to H." We have carefully studied the facts in this case and do not believe they control the instant case, for the reason that the decision in that case was based on an agreement which the parties entered into for the purpose of dividing the money that would be received in payment of the bond. In the instant case, however, there was an absolute assignment, based upon a good and sufficient consideration, by John L. Schuch to the complainant, of all his right, title, interest, property, claim, and demand in and to the suit pending and undetermined in Court of Common Pleas No. 1, the proceeds of said assignment to be applied on account of the judgment of complainant against Schuch. It is clear that when this assignment was made Schuch parted with his title and any interest he had in the suit against Mitten Men & Management Bank & Trust Company, until after complainant's claim had been paid in full, and as long as the defendants received proper notice of this assignment it was their duty to recognize the rights of the complainant. It will be noted that in the case of Boulden v. Hebel, supra, the court said, referring to the agreement: ". . . It contains no directions or request to him. On its face, it imports a division of the money when collected; not an assignment of the bond. . . ."

The fourth question is: Can a third party recover from an agent acting for a disclosed principal moneys received by said agent and paid over by the agent to his principal after his principal has assigned the said moneys to the third party but before demand had been made upon the agent by the third party for the payment of the said moneys? We believe it was the duty of the attorney, Schweidel, after he received notice of the assignment by his client of all his right, title, and interest in the claim against the bank, either to pay the money to the assignee or to withhold payment of the same until the rights of the parties had been determined.

The fifth question is: Shall a bill of complaint in equity be sustained where the complainant has an adequate remedy at law? The complaint in this case is that a settlement was made between the defendant parties, but there is no way of determining the exact amount the complainant should receive out of the moneys which were turned over to the attorney representing the claimant in that suit, for the evident reason that complainant would not be able to determine what would be an adequate counsel fee and the costs incident to that proceeding. Therefore we believe that these matters can only be determined in a court of equity.

The sixth question is: Is a party guilty of laches who does not assert his rights for a period of more than 1 year? We do not believe in the instant case that the parties should be deprived of their rights because they did not commence suit sooner, especially since the defendants have in no way been placed in jeopardy by the delay, and there is nothing in the pleadings to show that such is the case.

After carefully considering the bill and the briefs and arguments of counsel in this case, we believe the case is one which should be determined in equity, and therefore the preliminary objections in the nature of a statutory demurrer should be overruled.

### Order

And now, July 25, 1933, the preliminary objections to the bill filed on behalf of the said defendant Isadore H. Schweidel are dismissed, and he is required to answer over within 15 days under penalty of having the bill taken pro confesso against him.